UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN J. LORENZO | CIVIL ACTION |
| VERSUS | NO: 13-5093 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL. | SECTION: "A" (3) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by plaintiff, Bryan J. Lorenzo. Defendant, State Farm Mutual Automobile Insurance Co., opposes the motion. The motion, scheduled for submission on September 11, 2013, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

### I.   BACKGROUND

This lawsuit arises out of an insurance claim made by non-party Daniel R. Anderson against his auto policy with defendant, State Farm Mutual Automobile Insurance Co. Anderson reported his vehicle stolen and then filed a claim with State Farm. State Farm questioned the legitimacy of Anderson's claim, and in the course of its investigation, representatives of State Farm questioned Bryan J. Lorenzo, plaintiff herein. Lorenzo is the manager of the sales department of a local Chevrolet dealership. Anderson purchased a vehicle from Lorenzo and State Farm's fraud department became suspicious of a possible connection between Anderson, Lorenzo, and the insurance proceeds from Anderson's allegedly stolen vehicle. During the course of Anderson's suit against State Farm, Lorenzo became aware of the scope of the investigation that the State Farm representatives had engaged in after Lorenzo declined to cooperate in their investigation of Anderson. Anderson

1

contends that two State Farm employees, Kara Carpenter and Reumae Richardson, defamed him and invaded his privacy during the course of their insurance fraud investigation.

Lorenzo sued State Farm, Carpenter, and Richardson in state court alleging state law causes of action. Lorenzo, Carpenter, and Richardson are all citizens of Louisiana so the parties are not completely diverse in citizenship. State Farm removed the case contending that Lorenzo improperly joined Carpenter and Richardson such that their citizenship can be ignored for purposes of determining jurisdiction. Specifically, State Farm argues that Lorenzo's cause of action does not fall within the confines of the Louisiana Supreme Court's decision in *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973), and therefore Lorenzo cannot state a claim against Carpenter and Richardson.

## II.   DISCUSSION

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (*citing Griggs v. Kennedy Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Defendants do not allege actual fraud in the pleadings so only the second method of establishing improper joinder is at issue.

The test for the second category of fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (*citing Travis*, 326 F.3d at 648). Stated differently, this requires that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.*

A court may resolve the question of whether the plaintiff has a reasonable basis for

2

recovery under state law in one of two ways. The court may conduct a Rule 12(b)(6)—type analysis, looking initially at the allegations in the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Smallwood*, 385 F.3d at 573 (*citing McKee v. Kansas City S. Ry.*, 358 F.3d 329, 334 (5th Cir. 2004)). Ordinarily if the plaintiff can survive a Rule 12(b)(6) challenge then there is no improper joinder. *Id.*

Where a plaintiff appears to state a claim but has perhaps misstated or omitted discrete facts that would determine the propriety of joinder, the district court may in its discretion pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573 (*citing Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 389 n.10 (5th Cir. 2000)). A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant. *Id.* (*citing Irby*, 326 F.3d at 648-49). But any piercing of the pleadings should not entail substantial hearings. *Id.* Attempting to proceed beyond a summary process, particularly one that involves discovery, carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits. *Id.* Indeed, the inability to make the requisite decision in a summary manner itself points to the inability of the removing party to carry its burden. *Id.*

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy v. Coastal Corp.*, 855

F.2d 1160, 1164 (5th Cir.1988)).

The tort of defamation involves the invasion of a person's interest in his or her reputation and good name. *Kennedy v. Sheriff of East Baton Rouge*, 935 So. 2d 669, 674 (La. 2006) (*citing Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004)). Four elements are necessary to establish a claim for defamation: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault (negligence or greater) on the part of the publisher; and 4) resulting injury. *Id.* Words which expressly or implicitly accuse another of criminal conduct , or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory per se. *Id.* (*citing Costello*, 864 So. 2d at 140; *Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So. 2d 196, 198 (La. 1980)).

Louisiana courts employ a duty-risk analysis to determine whether the defendant can be liable for the plaintiff's injuries. Under this analysis, the plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff ("the duty element"), the defendant breached the duty, and the risk of harm was within the scope of protection afforded by the duty breached. *Cuevas v. City of New Orleans*, 769 So. 2d 82, 85 (La. App. 4th Cir. 2000) (*citing Hunter v. Dep't of Transp. & Dev.*, 620 So. 2d1173, 1176 (La. 1993)). The duty element is a question of law to be decided by the court, and the inquiry is whether the plaintiff has any law, including that arising from general principles of fault, to support his claim. *Id.* at 85-86. Under Louisiana law, fault is a broad concept: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315.

In this case, Lorenzo alleges all of the elements of the tort of defamation against

Carpenter and Richardson.[1] Carpenter and Richard are alleged to have personally engaged in affirmative conduct that directly injured Lorenzo. Disregarding momentarily the fact that Carpenter and Richardson were acting in the course and scope of their employment with State Farm when they allegedly injured Lorenzo, Lorenzo undoubtedly has a cause of action against these two individuals under Louisiana law.

The question then is whether *Canter v. Koehring, supra*, stands for the proposition that individuals otherwise subject to suit for their own personal conduct somehow become immunized when their allegedly tortious conduct is carried out while acting in the course and scope of their employment. That question must be answered in the negative because *Canter* was not concerned with absolving individuals from liability simply because their employer might also be liable to the plaintiff under principles of vicarious liability. Rather, *Canter* was concerned with the personal duty element of the duty-risk analysis in situations where the specific duty breached was one owed to the employer rather than to the injured plaintiff. In other words, in cases like *Canter*, the facts do not suggest the existence of a personal duty owed to the plaintiff by the individual employee. Because the duty element is a required element of the duty-risk analysis in Louisiana, *Canter* dictates the specific and onerous criteria that the plaintiff must satisfy in order to state a claim against an individual whose breach of a job-related duty owed to his employer (as opposed to the plaintiff) results in an injury to the plaintiff. *See, e.g., Walker v. Schwegmann Giant Supermarkets, Inc.*, 671 So. 2d 983, 986 (La. App. 4th Cir. 1996). But *Canter* is by no means the prism through which to view all claims against a tortfeasor who happens to be acting on behalf of his employer when he injures someone. Simply, *Canter*, which again is concerned with liability in the

---

[1] Lorenzo also alleges other state law torts but the Court discusses only defamation. If Lorenzo has stated a claim against the non-diverse defendants on any one of his causes of action then the subject matter jurisdiction does not exist.

absence of a personal duty, has no application when the facts of the case clearly point to the existence of a personal duty.[2]

In sum, State Farm correctly points out that *Canter*'s criteria are not satisfied in this case but *Canter* is irrelevant to the claims being asserted by Lorenzo. Lorenzo's claims against Carpenter and Richardson do not derive from the breach of an employment-related duty owed to State Farm but rather from the breach of the duty that the defendants owed to Lorenzo to refrain from injuring him in tort through their affirmative conduct—conduct that was targeted directly at Lorenzo. As such, this case is no different from that of an employee who injures a third person while driving a car in the course and scope of his employment rendering *both* the employee and the employer liable. State Farm has not established that Lorenzo has no possibility of recovery against the non-diverse defendants under state law. Therefore, their citizenship cannot be ignored for purposes of evaluating jurisdiction. Because the parties are not completely diverse in citizenship, the Court lacks subject matter jurisdiction and the case was not properly removed.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by plaintiff, Bryan J. Lorenzo, is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

November 20, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] Judge Rubin best explained these principles in *Avondale Shipyards, Inc. v. THE CUFFE*, 434 F. Supp. 920, 930 (E.D. La. 1977), when he analogized the employee's tort in that case to the routine situation of an employee who injures a third person while driving a vehicle in the course and scope of his employment. In other words, *Canter* does not transform vicarious liability against the employer into immunity for the individual employee-tortfeasor.